# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

**LORD VERSATILE,**

    Plaintiff,

v.                                                                                               Civil Action No. **3:12CV332**

**LORETTA KELLY,** *et al.*,

    Defendants.

## REPORT AND RECOMMENDATION

Lord Versatile, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action.[1] The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. Jurisdiction is appropriate pursuant to 28 U.S.C. §§ 636(b) and 1343.

### Preliminary Review

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "'an indisputably meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'" *Clay v. Yates*, 809 F. Supp. 417, 427

---

[1] The statute provides, in pertinent part:

> Every person who, under color of any statute ... of any State ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law ....

42 U.S.C. § 1983.

(E.D. Va. 1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citation omitted). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). In

order for a claim or complaint to survive dismissal for failure to state a claim, therefore, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## Summary of Allegations

Versatile, an inmate currently confined in Nottaway Correctional Center, alleges that he worked as a housekeeper from December 27, 2010 until August 14, 2011, while confined at Sussex I State Prison. (Compl. 7.)[2] Versatile alleges that he "was not paid or compensated for any of the hours he worked for approximately eight (8) months."[3] (*Id.*)[4] Versatile claims he

---

[2] The Court employs the pagination assigned by the Court's CM/ECF docketing system to Versatile's Complaint.

[3] The Court corrects the capitalization in quotations from Versatile's submissions.

[4] Versatile's Complaint fails to explain why Sussex I failed to pay him for work performed. Versatile contends that the institutional policy withholding 5% of offender pay in order to pay court fines and costs violates his state and federal constitutional rights. Versatile states that Unit Manager T. Fowlkes and Counselor J. Adams asked him to sign an "'Offender Pay Withholding Agreement,'" and informed Versatile "that if he did not agree to have 5% of his offender pay withheld to be applied towards any court imposed fines, costs, forfeitures, restitution or penalties that [Versatile] owe[d], he would not be allowed to receive any payment for . . . work assignments." (Compl. 5-6.) Versatile fails to state whether he refused to sign this agreement. Because the Court recommends dismissing the Complaint because Versatile has no constitutional right to be paid for work performed, the Court need not address at length Versatile's challenges to this alleged institutional policy.

3

"was threatened on several occasion[s] by housing unit staff that if he refused to work he would be charged for failure to perform work assignment." (*Id.*) Versatile contends that the deprivation of pay for work performed violates "state created rights under the Virginia constitution," due process,[5] the Eighth Amendment[6] prohibition against cruel and unusual punishment, and amounts to slavery under the Thirteenth Amendment.[7] (*Id.* at 4.) Versatile names former Warden, Loretta Kelly, former Regional Director, A. David Robinson, and former Unit Manager T. Fowlkes as defendants. Versatile demands "compensatory damages of 25% interest for each month he worked along with the total pay he would have earned for each month from December 27, 2010 to August 14, 2011," and $500 in punitive damages from each defendant. (*Id.* at 11.)

## Analysis

In order to state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him or her of a constitutional right or of a right conferred by a law of the United States. *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998).

### Thirteenth and Fourteenth Amendments

A state prisoner possesses no constitutional right to be paid for his labor. *Anderson v. Morgan*, No. 89-6737, 1990 WL 29173, at *1 (4th Cir. Mar. 6, 1990) (citing *Manning v.*

---

[5] "No State shall . . . deprive any person of life, liberty, or property, without due process of law . . . ." U.S. Const. amend. XIV, § 1.

[6] "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII.

[7] "Neither slavery nor involuntary servitude, except as punishment for crime whereof the party shall have been duly convicted, shall exist within the United States . . . ." U.S. Const. amend. XIII, § 1.

4

*Lockhart*, 623 F.2d 536, 538 (8th Cir. 1980)); *Sigler v. Lowrie*, 404 F.2d 659, 661 (8th Cir. 1968) (citations omitted); *Borror v. White*, 377 F. Supp. 181, 183 (W.D. Va. 1974) (citations omitted). Any compensation provided "'is by the grace of the state.'" *Taylor v. Robinson*, No. 02-CV-510, 2003 WL 23314150, at *4 (E.D. Va. Apr. 4, 2003) (quoting *Hrbek v. Farrier*, 787 F.2d 415, 416 (8th Cir. 1986)); *see Borror*, 377 F. Supp. at 183. Thus, Versatile has no property interest in wages earned under the Due Process Clause. *Washlefske v. Winston*, 234 F.3d 179, 184-85 (4th Cir. 2000) (citation omitted); *Skipper v. S.C. Dep't Corr.*, No. 4:05-3024-HFF-TER, 2008 WL 608575, at *5 (D.S.C. Mar. 4, 2008) (citations omitted). Nor does the failure to pay an inmate for labor violate the Thirteenth Amendment's prohibition of slavery. *See Mikeska v. Collins*, 900 F.2d 833, 837 (5th Cir. 1990);[8] *Newell v. Davis*, 563 F.2d 123, 124 (4th Cir. 1977) (citing *Borror*, 377 F. Supp. at 183; *McLaughlin v. Royster*, 346 F. Supp. 297, 311 (E.D. Va. 1972)). Any entitlement to pay for services rendered by Versatile "derive[s] from the laws of Virginia, and is not a right secured by the Constitution or laws of the United States within the meaning of 42 U.S.C. § 1983." *Borror*, 377 F. Supp. at 183. Thus, an institution may constitutionally force a validly convicted inmate to perform work, with or without pay, so long as the work assignment amounts to no cruel and unusual punishment under the Eighth Amendment. *See McLaughlin*, 346 F. Supp. at 311 (citing *Holt v. Sarver*, 309 F. Supp. 362 (E.D. Ark. 1970)). Versatile's claim that he failed to receive compensation for his work as a housekeeper while housed in Sussex I states no actionable federal constitutional claim. Accordingly, it is RECOMMENDED that

---

[8] The opinion was withdrawn and superseded on rehearing on jurisdictional grounds not relevant here and reinstated in relevant part by *Mikeska v. Collins*, 928 F.2d 126, 126 (5th Cir. 1991). The opinion on rehearing was abrogated in part on jurisdictional grounds by *Wash v. Johnson*, 343 F.3d 685, 687-88 (5th Cir. 2003).

Versatile's claims alleging a violation of his rights under the Thirteenth and Fourteenth Amendments be DISMISSED WITH PREJUDICE.

### Eighth Amendment and State Law Claim

To make out an Eighth Amendment claim, an inmate must allege facts that indicate (1) that objectively the deprivation suffered or harm inflicted "was 'sufficiently serious,' and (2) that subjectively the prison officials acted with a 'sufficiently culpable state of mind.'" *Johnson v. Quinones*, 145 F.3d 164, 167 (4th Cir. 1998) (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Under the objective prong, the inmate must allege facts that suggest that the deprivation complained of was extreme and amounted to more than the "'routine discomfort'" that is "'part of the penalty that criminal offenders pay for their offenses against society.'" *Strickler v. Waters*, 989 F.2d 1375, 1380 n.3 (4th Cir. 1993) (quoting *Hudson v. McMillian*, 503 U.S. 1, 9 (1992)). "In order to demonstrate such an extreme deprivation, a prisoner must allege 'a serious or significant physical or emotional injury resulting from the challenged conditions.'" *De'Lonta v. Angelone*, 330 F.3d 630, 634 (4th Cir. 2003) (quoting *Strickler*, 989 F.2d at 1381). Versatile supplies no factual allegations suggesting that the conditions under which he worked violated "the minimum standards of human decency embodied in the Eighth Amendment." *McLaughlin*, 346 F. Supp. at 311 (citing *Wright v. McMann*, 387 F.2d 519, 526 (2d Cir. 1967)); *see Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Versatile alleges no physical or emotional injury, much less a significant one, from his work as housekeeper. Accordingly, it is RECOMMENDED that Versatile's Eighth Amendment claim be DISMISSED WITH PREJUDICE.

Generally, a Court should dismiss pendant state law claims if the federal claims are dismissed before trial. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966). Because

the Court recommends dismissing the federal claims for failure to state a claim, it is RECOMMENDED that Versatile's state law claims be DISMISSED WITHOUT PREJUDICE.

If Versatile wishes to file an amended complaint to correct the deficiencies described above, he must submit an amended complaint within fourteen (14) days of the date of entry hereof. *See Williams v. Wilkerson*, 90 F.R.D. 168 (E.D. Va. 1981). Such complaint must set forth legibly, in separately numbered paragraphs, a short statement of the facts giving rise to each claim against each defendant. Versatile must also state what civil rights he believes each defendant violated and explicitly state how said defendant's actions violated each constitutional right. Any amended complaint will supplant the current complaint and all prior submissions. The amended complaint must stand or fall of its own accord.

Versatile is advised that he may file specific written objections to the Report and Recommendation within fourteen (14) days of the date of entry hereof. Such objections should be numbered and identify with specificity the legal or factual deficiencies of the Magistrate Judge's findings. Failure to timely file specific objections to the Report and Recommendation may result in the dismissal of his claims. *See* Fed. R. Civ. P. 72(b). It may also preclude further review or appeal from such judgment. *See Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

The Clerk is DIRECTED to send a copy of the Report and Recommendation to Versatile.

/s/
M. Hannah Lauck
United States Magistrate Judge

Date: 4/26/13
Richmond, Virginia