IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

LORD VERSATILE, )
)
    Plaintiff, )
v. ) Civil Action No. 3:12CV332–HEH
)
LORETTA KELLY, *et al.*, )
)
    Defendants. )

## MEMORANDUM OPINION
(Dismissing § 1983 Action)

Lord Versatile, a Virginia state prisoner proceeding *pro se* and *in forma pauperis*, brings this civil rights action. The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

### I.   BACKGROUND

The Magistrate Judge made the following findings and recommendations:

**Preliminary Review**

    Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "'an indisputably meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'" *Clay v. Yates,* 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).
    "A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin,* 980 F.2d 943, 952 (4th Cir. 1992) (citation omitted). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari,* 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin,* 980 F.2d at 952. This principle applies only to factual allegations,

however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, therefore, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## Summary of Allegations

Versatile, an inmate currently confined in Nottaway Correctional Center, alleges that he worked as a housekeeper from December 27, 2010 until August 14, 2011, while confined at Sussex I State Prison. (Compl. 7.)[1] Versatile alleges that he "was not paid or compensated for any of the hours he worked for approximately eight (8) months."[2] (*Id.*)[3] Versatile claims he "was threatened on

---

[1] The Court employs the pagination assigned by the Court's CM/ECF docketing system to Versatile's Complaint.

[2] The Court corrects the capitalization in quotations from Versatile's submissions.

[3] Versatile's Complaint fails to explain why Sussex I failed to pay him for work performed. Versatile contends that the institutional policy withholding 5% of offender pay in order to pay court fines and costs violates his state and federal constitutional rights. Versatile states that Unit Manager T. Fowlkes and

several occasion[s] by housing unit staff that if he refused to work he would be charged for failure to perform work assignment." (*Id.*) Versatile contends that the deprivation of pay for work performed violates "state created rights under the Virginia constitution," due process,[4] the Eighth Amendment[5] prohibition against cruel and unusual punishment, and amounts to slavery under the Thirteenth Amendment.[6] (*Id.* at 4.) Versatile names former Warden, Loretta Kelly, former Regional Director, A. David Robinson, and former Unit Manager T. Fowlkes as defendants. Versatile demands "compensatory damages of 25% interest for each month he worked along with the total pay he would have earned for each month from December 27, 2010 to August 14, 2011," and $500 in punitive damages from each defendant. (*Id.* at 11.)

## Analysis

In order to state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him or her of a constitutional right or of a right conferred by a law of the United States. *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998).

### Thirteenth and Fourteenth Amendments

A state prisoner possesses no constitutional right to be paid for his labor. *Anderson v. Morgan*, No. 89-6737, 1990 WL 29173, at *1 (4th Cir. Mar. 6, 1990) (citing *Manning v. Lockhart*, 623 F.2d 536, 538 (8th Cir. 1980)); *Sigler v. Lowrie*, 404 F.2d 659, 661 (8th Cir. 1968) (citations omitted); *Borror v. White*, 377 F.

---

Counselor J. Adams asked him to sign an "'Offender Pay Withholding Agreement,'" and informed Versatile "that if he did not agree to have 5% of his offender pay withheld to be applied towards any court imposed fines, costs, forfeitures, restitution or penalties that [Versatile] owe[d], he would not be allowed to receive any payment for . . . work assignments." (Compl. 5-6.) Versatile fails to state whether he refused to sign this agreement. Because the Court recommends dismissing the Complaint because Versatile has no constitutional right to be paid for work performed, the Court need not address at length Versatile's challenges to this alleged institutional policy.

[4] "No State shall . . . deprive any person of life, liberty, or property, without due process of law . . . ." U.S. Const. amend. XIV, § 1.

[5] "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII.

[6] "Neither slavery nor involuntary servitude, except as punishment for crime whereof the party shall have been duly convicted, shall exist within the United States . . . ." U.S. Const. amend. XIII, § 1.

3

Supp. 181, 183 (W.D. Va. 1974) (citations omitted). Any compensation provided "'is by the grace of the state.'" *Taylor v. Robinson*, No. 02-CV-510, 2003 WL 23314150, at *4 (E.D. Va. Apr. 4, 2003) (quoting *Hrbek v. Farrier*, 787 F.2d 415, 416 (8th Cir. 1986)); *see Borror*, 377 F. Supp. at 183. Thus, Versatile has no property interest in wages earned under the Due Process Clause. *Washlefske v. Winston*, 234 F.3d 179, 184-85 (4th Cir. 2000) (citation omitted); *Skipper v. S.C. Dep't Corr.*, No. 4:05-3024-HFF-TER, 2008 WL 608575, at *5 (D.S.C. Mar. 4, 2008) (citations omitted). Nor does the failure to pay an inmate for labor violate the Thirteenth Amendment's prohibition of slavery. *See Mikeska v. Collins*, 900 F.2d 833, 837 (5th Cir. 1990);[7] *Newell v. Davis*, 563 F.2d 123, 124 (4th Cir. 1977) (citing *Borror*, 377 F. Supp. at 183; *McLaughlin v. Royster*, 346 F. Supp. 297, 311 (E.D. Va. 1972)). Any entitlement to pay for services rendered by Versatile "derive[s] from the laws of Virginia, and is not a right secured by the Constitution or laws of the United States within the meaning of 42 U.S.C. § 1983." *Borror*, 377 F. Supp. at 183. Thus, an institution may constitutionally force a validly convicted inmate to perform work, with or without pay, so long as the work assignment amounts to no cruel and unusual punishment under the Eighth Amendment. *See McLaughlin*, 346 F. Supp. at 311 (citing *Holt v. Sarver*, 309 F. Supp. 362 (E.D. Ark. 1970)). Versatile's claim that he failed to receive compensation for his work as a housekeeper while housed in Sussex I states no actionable federal constitutional claim. Accordingly, it is RECOMMENDED that Versatile's claims alleging a violation of his rights under the Thirteenth and Fourteenth Amendments be DISMISSED WITH PREJUDICE.

### Eighth Amendment and State Law Claim

To make out an Eighth Amendment claim, an inmate must allege facts that indicate (1) that objectively the deprivation suffered or harm inflicted "was 'sufficiently serious,' and (2) that subjectively the prison officials acted with a 'sufficiently culpable state of mind.'" *Johnson v. Quinones*, 145 F.3d 164, 167 (4th Cir. 1998) (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Under the objective prong, the inmate must allege facts that suggest that the deprivation complained of was extreme and amounted to more than the "'routine discomfort'" that is "'part of the penalty that criminal offenders pay for their offenses against society.'" *Strickler v. Waters*, 989 F.2d 1375, 1380 n.3 (4th Cir. 1993) (quoting *Hudson v. McMillian*, 503 U.S. 1, 9 (1992)). "In order to demonstrate such an extreme deprivation, a prisoner must allege 'a serious or significant physical or emotional injury resulting from the challenged conditions.'" *De'Lonta v. Angelone*, 330 F.3d 630, 634 (4th Cir. 2003) (quoting *Strickler*, 989 F.2d at 1381). Versatile supplies no factual allegations suggesting that the conditions under

---

[7] The opinion was withdrawn and superseded on rehearing on jurisdictional grounds not relevant here and reinstated in relevant part by *Mikeska v. Collins*, 928 F.2d 126, 126 (5th Cir. 1991). The opinion on rehearing was abrogated in part on jurisdictional grounds by *Wash v. Johnson*, 343 F.3d 685, 687-88 (5th Cir. 2003).

> which he worked violated "the minimum standards of human decency embodied in the Eighth Amendment." *McLaughlin*, 346 F. Supp. at 311 (citing *Wright v. McMann*, 387 F.2d 519, 526 (2d Cir. 1967)); *see Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Versatile alleges no physical or emotional injury, much less a significant one, from his work as housekeeper. Accordingly, it is RECOMMENDED that Versatile's Eighth Amendment claim be DISMISSED WITH PREJUDICE.
>
> Generally, a Court should dismiss pendant state law claims if the federal claims are dismissed before trial. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966). Because the Court recommends dismissing the federal claims for failure to state a claim, it is RECOMMENDED that Versatile's state law claims be DISMISSED WITHOUT PREJUDICE.

(April 26, 2013 Report and Recommendation.) The Court advised Versatile that he could file objections or an amended complaint within fourteen (14) days after the entry of the Report and Recommendation. Versatile filed an amended complaint. As explained below, the Magistrate Judge's analysis applies with equal force to the claims previously raised. Moreover, Versatile's new equal protection claim lacks merit.

## II. AMENDED COMPLAINT

Versatile's Amended Complaint provides greater factual detail about Sussex II's failure to pay him for his work as a housekeeper during an eight-month period. Versatile again claims that this failure to pay him for work performed violated due process and state law. Versatile states no actionable constitutional claim based on Sussex II's failure to pay him. As previously explained, Versatile has no constitutional right to receive pay for his labor in prison. *Borror v. White*, 377 F. Supp. 181, 183 (W.D. Va. 1974) (citations omitted).

5

Versatile adds a claim that the failure to pay him for work performed violates his right to equal protection[8] because other inmates who refused to sign the Offender Pay Withholding Agreement received paychecks. (Am. Compl. (ECF No. 13) 7, 9.) The Equal Protection Clause of the Fourteenth Amendment commands that similarly situated persons be treated alike. *See City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (citing *Plyler v. Doe*, 457 U.S. 202, 216 (1982)). In order to state an equal protection claim, Versatile must allege facts indicating: (1) that he and a comparator were treated differently and were similarly situated; and (2) that the different treatment was the result of discrimination. *See Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002) (citation omitted). Versatile states: "Other similar[ly] situated offenders who worked and did not sign the pay withholding agreement contract . . . received monthly payroll statement sheets and were paid during that pay period." (Am. Compl. 7.) Versatile fails to identify a comparator inmate, who was similarly situated, who has been treated differently from him. *See Wright v. Johnson*, No. 3:01CV215, 2011 WL 3464429, at *2 (E.D. Va. July 16, 2001) (citations omitted). Accordingly, Versatile's claim will be dismissed with prejudice.

## IV. CONCLUSION

For the foregoing reasons, the Report and Recommendation will be accepted and adopted. Versatile's claims will be dismissed with prejudice and the action will be

---

[8] "No State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1.

dismissed. The Clerk will be directed to note the disposition of the action for the purposes of 28 U.S.C. § 1915(g).

An appropriate Final Order will accompany this Memorandum Opinion.

/s/
HENRY E. HUDSON
UNITED STATES DISTRICT JUDGE

Date: August 7, 2013
Richmond, Virginia